2013R01330/BLU

RECEIVED
AUG -7 2018
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 18- 462 (MAS) |
| v. | : | 18 U.S.C. § 1349 |
| RUBEN SEVUMYANTS | : | |

# INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

1. Unless otherwise indicated, at all times relevant to this Indictment:

    a. Defendant RUBEN SEVUMYANTS resided in Marlboro, New Jersey and was the operations manager of a pharmacy located in Union City, New Jersey (the "Pharmacy").

    b. The Pharmacy was a specialty pharmacy and health care supplier, which, among other things, prepared and supplied medications, which were prescribed to treat a variety of conditions, including Hepatitis C, Crohn's disease, and rheumatoid arthritis, since approximately 2010.

    c. Co-conspirator-1 ("CC1"), not charged herein, was an employee of the Pharmacy.

## The Medicare and Medicaid Programs

    d. The Medicare Program ("Medicare") was a federally-funded health care program, which provided payment for reasonable and medically

necessary medical services for certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the United States Department of Health and Human Services, Center for Medicare and Medicaid Services ("CMS"). Individuals who receive Medicare benefits are referred to as Medicare beneficiaries.

  e. Medicare was divided into four parts, which helped cover specific services. For instance, Medicare Part D ("Part D") provided prescription drug coverage for Medicare beneficiaries. Part D was administered by private insurance companies contracted by Medicare.

  f. A health insurance company (the "Health Insurance Company") was one private insurance company contracted by Medicare to administer Part D benefits and claims. The Health Insurance Company utilized a pharmacy benefit manager (the "PBM") to adjudicate claims and reimburse the Pharmacy on behalf of the Health Insurance Company and Medicare.

  g. Medicaid Programs (collectively, "Medicaid") were jointly funded, federal-state health insurance programs for certain individuals, including low-income adults, and other qualified reasons. Medicaid was administered by individual states, according to federal requirements. All states, the District of Columbia, and the United States territories had a Medicaid program. Individuals who received Medicaid benefits were referred to as Medicaid beneficiaries.

  h. Medicare and Medicaid were "health care benefit programs," as defined by 18 U.S.C. § 24(b) that affected commerce. Medicare and

Medicaid were also "Federal health care programs," as defined by 42 U.S.C. § 1320a-7b(f).

### Count One

(Conspiracy to Commit Health Care Fraud)

2. From in or around June 2015 through on or about September 11, 2017, in the District of New Jersey, and elsewhere, the defendant,

RUBEN SEVUMYANTS

did knowingly and willfully conspire and agree with others to execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, any health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

### Object of the Conspiracy

3. It was the object of the conspiracy for defendant RUBEN SEVUMYANTS, CC-1, and others to unlawfully enrich themselves by, among other things, (a) knowingly submitting and causing the submission of false and fraudulent claims to health care benefit programs, such as, but not limited to, Medicare and Medicaid, and (b) concealing the submission of false and fraudulent claims and the receipt of fraudulently obtained proceeds.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that defendant RUBEN SEVUMYANTS, CC-1, and others at the Pharmacy routinely billed Medicare, Medicaid, and other health insurance plans for medications that they knew were not being dispensed to patients.

5. It was further part of the conspiracy that defendant RUBEN SEVUMYANTS, CC-1, and others concealed the fraudulent billing of Medicare, Medicaid, and other health insurance providers by, among other things, forging shipping records to make it appear that medications were shipped to the patients when, in fact, they were not.

6. It was further part of the conspiracy that defendant RUBEN SEVUMYANTS, CC-1, and others, then supplied these false shipping records to health insurance providers that questioned the Pharmacy about medications for which the health insurance provider was billed and had sent payment, but for which the patients never received their medications.

7. For example, from in or around June 2016 through in or around August 2017, the Pharmacy billed the PBM on behalf of a Medicare beneficiary ("Medicare Beneficiary-1") for medications listed on three prescriptions (the "Prescriptions") that the Pharmacy never dispensed to Medicare Beneficiary-1. The PBM, on behalf of the Health Insurance Company and Medicare, adjudicated these claims and paid the Pharmacy approximately $95,767 for the Prescriptions. To conceal the submission of these fraudulent claims, defendant RUBEN SEVUMYANTS forged shipping records for the Prescriptions and then

4

5

provided them to the PBM during an audit to make it appear that the medications were delivered to Medicare Beneficiary-1 when they had not.

8. As a result of the conspiracy and the scheme to defraud, the Pharmacy fraudulently received in excess of $1.5 million from health insurance providers, including, but not limited to, Medicare and Medicaid, based on billing for prescriptions that the Pharmacy never actually dispensed to patients.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. The allegations contained in Paragraphs 1 through 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to 18 U.S.C. § 982(a)(7).

2. Upon conviction of the offense of conspiracy to commit a Federal health care fraud offense (as defined in 18 U.S.C. § 24), contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349, alleged in this Indictment, the defendant, RUBEN SEVUMYANTS, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, obtained by the defendant that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of such offense.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of

defendant RUBEN SEVUMYANTS up to the value of the forfeitable property described above.

_Craig Carpenito_
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 18- 462 (MAS)

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## RUBEN SEVUMYANTS

## INDICTMENT FOR
### 18 U.S.C. § 1349

A True Bill,

**CRAIG CARPENITO**
U.S. ATTORNEY
NEWARK, NEW JERSEY

BRIAN L. URBANO
ASSISTANT U.S. ATTORNEY
(973) 297-2078