UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

SAMUEL KHAIMOV, YANA SHTINDLER,
AND RUBEN SEVUMYANTS

Criminal No. 18-462 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant Yana Shtindler's ("Defendant") *ex parte* application for the issuance of subpoenas *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c).[1] Defendant filed correspondence providing notice of this application. (ECF No. 102.)

Issuance of a pretrial subpoena under Rule 17(c) is generally proper when the moving party can establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). Those requirements may be shorthanded as "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700.

Based on the information presented in the *ex parte* application, the Court finds that the issuance of the subpoena in its proposed form is appropriate. The Court also finds that Defendant's

---

[1] Hereinafter, all references to Rule or Rules refer to the Federal Rules of Criminal Procedure.

proceeding with the subpoena application *ex parte* is "justified by [an] exceptional circumstance." *United States v. Fulton*, No. 13-261, 2013 WL 4609502, at *2 (D.N.J. Aug. 29, 2013) (explaining that to proceed *ex parte*, the moving party must demonstrate the *Nixon* requirements as well as an "exceptional circumstance" that justifies proceeding *ex parte*). Here, Defendant is unable to make the required showing under *Nixon* without revealing trial strategy, which sufficiently satisfies the "exceptional circumstance" requirement of proceeding *ex parte*. *See id.* (citing cases recognizing that exposing trial strategy satisfies the required "exceptional circumstance"). The Court will maintain the motion itself under seal, based on express concerns about revealing trial strategies, which are articulated therein.

The subpoena itself will also be maintained under seal. It may be anticipated that the subpoenaed party will have objections to certain of the requests. Such objections, whether under the *Nixon* standard, claims of privilege, or any other basis, may be asserted through *ex parte* correspondence to the Court filed under seal. If the subpoenaed party objects to the subpoena on any grounds, the Court may solicit the views of the government. If objections are sustained, however, certain information may never see the light of day, making the sealing issues moot. Without having seen such objections, it is difficult for the Court to say any more.

Documents obtained in response to the subpoena will be shared on an equal basis with both sides.

For these reasons, and other good cause shown:

**IT IS**, on this 31st day of March 2023, **ORDERED** as follows:

1. Defendant's *ex parte* motion (*see* ECF No. 102) for issuance of Rule 17(c) Subpoena is **GRANTED**.

2. The requested subpoena *duces tecum* shall be issued by the Clerk of Court forthwith.

3. The materials requested therein shall be produced within 30 days after service of the subpoena upon the recipient.

4. The subpoena and requests therein shall not be disclosed to the United States Attorneys Office without prior authorization from this Court.

5. Any motion to quash or objections shall be submitted to the Court *ex parte* and under seal simultaneously with the production date, and any documents not objected to shall be produced.

6. Counsel for Defendant shall coordinate with the Clerk regarding the signing and dating of the subpoena.

7. A copy of this Memorandum Order shall be served with the subpoena.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**